UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL M. RIFKIN, RICHARD S. RIFKIN, MARTIN RIFKIN, and TOWER TRUST COMPANY, as trustee of the Leonard Rifkin Life Estate Marital Trust and the Leonard Rifkin Power of Appointment Marital Trust, <br><br>  Plaintiffs, <br><br> v. <br><br> IMMORTAL SPORTS MANAGEMENT, LLC. <br><br>  Defendant. | CAUSE NO. 1:09-cv-275 |

## OPINION AND ORDER

On October 6, 2009, Plaintiffs filed a complaint based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), alleging that Defendant has failed to fulfill its payment obligations under four separate promissory notes. (Docket # 1.) The Complaint alleges that Plaintiffs Daniel M. Rifkin and Martin Rifkin are residents of Fort Wayne, Indiana and Plaintiff Richard S. Rifkin is a resident of Roanoke, Indiana. (Compl. ¶¶ 4-6.) Plaintiffs also allege that Defendant Immortal Sports Management, LLC is a Delaware limited liability company with its principal place of business in Los Angeles. (*Id.* ¶ 9).

Plaintiff's complaint is inadequate on several levels. The "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l*

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
  Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992));

*Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). For natural persons, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence."). The Court must therefore be advised of Plaintiffs Daniel M. Rifkin, Richard S. Rifkin, and Martin Rifkin's citizenship, not residency.

Furthermore, the complaint does not provide any information about Plaintiff Tower Trust Company or the Leonard Rifkin Life Estate Marital Trust and the Leonard Rifkin Power of Appointment Marital Trust. The citizenship of a trust is determined by the citizenship of the trustee. *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980); *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 257 (7th Cir. 1998). Corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Plaintiffs must therefore first amend their complaint to specify how Tower Trust Company is organized. Plaintiffs must also amend their complaint to state the citizenship of Tower Trust Company.

---

*Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

Finally, the citizenship of a limited liability company "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Moreover, citizenship must be "traced through multiple levels" for those members of an LLC who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Therefore, the Court must be advised of the citizenship of each member of Immortal Sports Management, LLC, tracing through multiple levels if necessary, to ensure that none of its members share a common citizenship with Plaintiff. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).

Therefore, Plaintiff is ORDERED to file an Amended Complaint forthwith that properly identifies the citizenship of Daniel M. Rifkin, Richard S. Rifkin, and Martin Rifkin. Plaintiff must also provide the organizational method and the citizenship of the Tower Trust Company. Finally, Plaintiff must identify the citizenship of each member of Defendant Immortal Sports Management, LLC.

SO ORDERED.

Enter for this 7th day of October, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge